UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALFRED G. THOMAS and
CHANDRA THOMAS,

    Plaintiffs,

v.

Case No. 10-13775
Hon. Lawrence P. Zatkoff

TROTT & TROTT PC,
TOWNE MORTGAGE CO.,
MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS,
and BAC HOME LOAN
SERVICING, L.P.,

    Defendants.
_____/

## OPINION AND ORDER

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on February 9, 2011.

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

### I. INTRODUCTION

This matter comes before the Court on Defendants BAC Home Loan Servicing, L.P.'s ("BAC") and Mortgage Electronic Registration Systems's ("MERS") Motion to Dismiss [dkt 7], Defendant Trott & Trott, PC's ("Trott") Motion for Summary Judgment or Dismissal [dkt 10], and Plaintiffs' Motion to Leave to File-First Amended Complaint [dkt 11]. Rather than file a response to Defendants' motions, Plaintiffs filed their motion. Defendants then responded to Plaintiffs' motion, but Plaintiffs failed to file a reply and the time to do so has elapsed. *See* E.D. Mich. L.R. 7.1(e)(1)(c) ("[A] reply brief supporting a dispositive motion must be filed within 14 days after

service of the response."). The Court finds that the facts and legal arguments are adequately presented in the parties' papers such that the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. LR 7.1(f)(2), it is hereby ORDERED that the motions be resolved on the briefs submitted. For the reasons set forth below, Defendants BAC and MERS's motion to dismiss is GRANTED, Defendant Trott's motion for summary judgment or dismissal is GRANTED, and Plaintiffs' motion to file a first-amended complaint is GRANTED IN PART and DENIED IN PART.

## II. BACKGROUND

Plaintiffs, husband and wife, allege that in November 2008, they obtained a loan from Towne Mortgage Company ("Towne") in the amount of $225,641 to purchase a home located at 33696 Stonecrest Drive, Sterling Heights, Michigan (the "property"). In exchange for the loan, Plaintiffs granted MERS—acting solely as nominee for Towne and Towne's successors and assigns—a mortgage on the property. According to an assignment filed by Trott with the Macomb County Register of Deeds, MERS assigned the mortgage to BAC on July 28, 2010. As servicer of the loan, BAC's role was to receive periodic payments from Plaintiffs according to the terms of the loan, and apply the payments to the prinicipal and interest outstanding on the loan. In January 2010, Plaintiffs failed to make timely payments. On June 15, 2010, Plaintiffs sent a letter to BAC, purporting to be a qualified written request ("QWR")[1] under the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601, *et seq.* ("RESPA"), which requested information about the accounting and service of Plaintiffs' loan. BAC responded to Plaintiffs' letter on July 13, 2010. In response, BAC detailed

---

[1]A QWR is a written correspondence from a borrower that inquires as to whether the loan is in error or requests information relating to the servicing of such loan. 12 U.S.C. § 2605(e).

a history of Plaintiffs' loan transaction. On July 28, 2010, a notice of foreclosure was sent to Plaintiffs by Trott, at the direction of its client, BAC. The notice indicated Plaintiffs' loan was in default, and that the total amount due was $231,185.00.

Plaintiffs' August 5, 2010, letter, purportedly a Fair Debt request under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"), requested that Trott validate the debt allegedly owed on Plaintiffs' loan. Before responding to Plaintiffs, on August 23, 2010, Trott filed an assignment of the mortgage pertaining to the property in the Macomb County Register of Deeds. Trott then responded to Plaintiffs' Fair Debt request through a letter on September 2, 2010, stating that BAC was mortgagee of the loan, the amount needed to reinstate the loan, and the amount needed to payoff the loan. Plaintiffs were purportedly ineligible for a loan modification and thus foreclosure proceedings commenced on the property. The status of the foreclosure proceedings on the property is not clear from the parties' pleadings and papers.

On September 22, 2010, Plaintiffs then filed this action. Plaintiffs' complaint alleges eight counts, which essentially allege various violations of federal and state laws due to Defendants servicing of Plaintiffs' loan. On October 6, 2010, the Court dismissed Plaintiffs' state-law claims. BAC then filed a motion to dismiss. Trott followed after BAC with its motion for summary judgment or dismissal. Plaintiffs did not respond to Defendants' motions, but instead filed the instant motion to request leave to file a first-amended complaint.

### III. ANALYSIS

**A. PLAINTIFFS' MOTION TO AMEND**

After Defendants moved to dismiss Plaintiffs' complaint, Plaintiffs moved to file an amended complaint. Plaintiffs filed the instant motion seeking to amend their complaint in two ways: (1) add

"Country Wide" as a Defendant, and (2) provide clarity and thoroughness to their asserted allegations.

Pursuant to Fed. R. Civ. P. 15(a)(2), a court should grant leave to amend "when justice so requires." Among the Court's considerations in deciding whether to allow an amendment are "the delay in filing, the lack of notice to the opposing party, bad faith by the moving party, repeated failures to cure deficiencies by the previous amendments, undue prejudice to the opposing party, and futility of amendment." *Perkins v. Am. Elec. Power Fuel Supply, Inc.*, 246 F.3d 593, 605 (6th Cir. 2001). "[A] motion to amend a complaint should be denied if the amendment . . . would be futile." *PT Pukuafu Indah v. United States Sec. & Exch. Comm'n*, No. 09-10943, 2009 U.S. Dist. LEXIS 92997, at *3 (E.D. Mich. Oct. 6, 2009) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "An amendment is futile when the proposed amendment fails to state a claim upon which relief can be granted and thus is subject to dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Id.* at *3 (citing *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000)).

First, Plaintiffs seek to add "Countrywide" as a defendant. The Court, however, construes Plaintiffs' request as an amendment to correct a defendant's corporate name, not an addition of a new party. After review of Plaintiffs' attached first-amended complaint, Plaintiffs have merely changed the name of the fourth Defendant—BAC. In Plaintiffs' initial complaint, it stated the defendant as "BAC Home Loan Servicing L.P.," whereas in the first-amended complaint, Plaintiffs state the same defendant—BAC—as "Countrywide/BAC Home Loan Servicing L.P." None of the current Defendants object to this specific amendment, and the Court finds that this proposed amendment does not involve a substantive change, and no prejudice would result to any party as a result. The Court therefore grants Plaintiffs' motion to amend with respect to changing "BAC Home

4

Loan Servicing L.P." to "Countrywide/BAC Home Loan Servicing L.P." as a Defendant.

Second, Plaintiffs seek to file a first-amended complaint to provide clarity and thoroughness to their allegations. Defendants' responses in opposition to the proposed first-amended complaint are based generally on grounds of futility (*i.e.*, the amended pleadings fail to satisfy the Rule 12(b)(6) pleading standard).

With respect to the state-law claims asserted in Plaintiffs' first-amended complaint, the Court's October 6, 2010, opinion and order dismissed without prejudice Plaintiffs' state-law claims in their original complaint because it declined to exercise supplemental jurisdiction over Plaintiffs' state-law claims. In enforcing the Court's order, the Court declines to exercise supplemental jurisdiction over Plaintiffs' Counts I, III, and VIII[2] of Plaintiffs' first-amended complaint because they are based on state law. Count I of Plaintiffs' first amended-complaint essentially argues that BAC violated the requirements of Mich. Comp. Laws § 554.232. Plaintiffs' Count III alleges that Defendants were involved in a civil conspiracy in violation of Michigan law, and Count VIII argues that Plaintiffs and Defendants lacked mutuality to establish a valid contract under Michigan law. As such, Plaintiffs' Counts I, III, and VIII are DISMISSED WITHOUT PREJUDICE.

Accordingly, the Court will consider whether it would be futile to amend the complaint with respect to Plaintiffs' federal claims (Counts II, IV, V, VI, VII) that the Court has federal subject-matter jurisdiction over, and it will incorporate such federal claims when deciding the pending motion to dismiss and motion for summary judgment or dismissal.

---

[2]Plaintiffs' first-amended complaint titled their detrimental reliance claim and their lack of mutuality claim as Count VII. The Court construes Plaintiffs' claim titled as "Detrimental Reliance" as Plaintiffs' Count VII and Plaintiffs' claim titled as "Lack of Mutuality" as Plaintiffs' Count VIII for this opinion and order.

**B. MOTIONS TO DISMISS**

**1. Legal Standard**

A motion brought pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted tests the legal sufficiency of a party's claims. The Court must accept as true all factual allegations in the pleadings, and any ambiguities must be resolved in that party's favor. *See Jackson v. Richards Med. Co.*, 961 F.2d 575, 577–78 (6th Cir. 1992). While this standard is decidedly liberal, it requires more than the bare assertion of legal conclusions. *See Advocacy Org. for Patients & Providers v. Auto Club Ins. Ass'n*, 176 F.3d 315, 319 (6th Cir. 1999). Thus, a party must make "a showing, rather than a blanket assertion of entitlement to relief" and "[f]actual allegations must be enough to raise a right to relief above the speculative level" so that the claim is "plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). *See also Ashcroft v. Iqbal*, __ U.S. ___, 129 S. Ct. 1937, 1953 (2009).

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), this Court may only consider "the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings, and matters of which the [Court] may take judicial notice." 2 James Wm. Moore et al., *Moore's Federal Practice* ¶ 12.34[2] (3d ed. 2000). If, in deciding the motion, the Court considers matters outside the pleadings, the motion will be treated as one for summary judgment pursuant to Fed. R. Civ. P. 56. *See* Fed. R. Civ. P. 12(d).

The Court recognizes that when a plaintiff proceeds *pro se*, as is the case here, the Court must construe that plaintiff's pleadings liberally and that such pleadings are held to a lesser standard than those drafted by a licensed attorney. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). The Court, however, will not re-write a deficient

complaint or otherwise serve as counsel for that plaintiff. *See GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998).

**2. Analysis**

*(a). Count II: 18 U.S.C. § 1956*

Count II of Plaintiffs' first-amended complaint asserts a claim predicated on a breach of 18 U.S.C. § 1956, which makes it a crime to launder monetary instruments. A civil plaintiff generally has no standing to assert a claim arising under a criminal statute. *See, e.g.*, *Chrysler Corp. v. Brown*, 441 U.S. 281, 316 (1979). Section 1956 is a criminal statute and does not incorporate a private cause of action. *De Pacheco v. Martinez*, 515 F. Supp. 2d 773, 787 (S.D. Tex. 2007); *Dubai Islamic Bank v. Citibank*, 126 F. Supp. 2d, 659, 668 (S.D.N.Y. 2000). As a result, Defendants are entitled to dismissal of Plaintiffs' Count II.

*(b). Count IV: RICO*

Plaintiffs allege Defendants violated the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §1961, *et seq.* A plaintiff asserting a violation of RICO must allege: (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity. *Kenty v. Bank One*, 92 F.3d 384, 389 (6th Cir. 1996). In order to establish "racketeering activity," the plaintiff must allege a predicate act. *Id.* Predicate acts that qualify as racketeering activity are specified in 18 U.S.C. §1961(1). Subsection 1961(1)(B) lists numerous criminal acts, which includes 18 U.S.C. §1341 (mail fraud).

Mail fraud alleged in a RICO civil complaint, which is the case here, must state with particularity the false statement of fact made by the defendant, which the plaintiff relied on, and the facts showing that the plaintiff relied on the defendant's false statement of fact. *Blount Fin. Servs.,*

7

*Inc. v. Walter E. Heller & Co.*, 819 F.2d 151, 152 (6th Cir. 1987). When pleading mail fraud as the predicate act for a RICO violation, Fed. R. Civ. P. 9(b)'s pleading requirements apply. *Berent v. Kemper Corp.*, 780 F.Supp. 431, 448 (E.D. Mich. 1991). To meet the pleading requirements of Rule 9(b), the plaintiff must "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Frank v. Dana Corp.*, 547 F.3d 564, 569–70 (6th Cir. 2008) (quoting *Gupta v. Terra Nitrogen Corp.*, 10 F.Supp.2d 879, 883 (N.D. Ohio 1998)). At a minimum, Plaintiffs "must allege the time, place and contents of the misrepresentations upon which they relied." *Id.*

Here, Plaintiffs allege, in paragraphs 49, 55, 57, 58, 59, 60, the following:

> 49. Trott & Trott aided and abetted schemes of fraud and extortion, by Defendants Towne, MERS, BAC/Countrywide . . . . Towne, MERS, BAC/Countrywide and Trott & Trott trespassed on the property rights of Plaintiffs by substantive fraud, mail fraud, extortion, and other acitivies of Defendants.
>
> 55. In 2008, about November 17, MERS and Towne joined in preparing and submitting false documents (mortgage etc.) into the Wayne County Register of Deeds. The intent and result of these frauds were jointly practices through a false claims of enforcement by MERS and BAC, which would eventually aid and abet Trott in their own violations of FDCPA and 18 U.S.C. §§1961 and 1962.
>
> 57. From December 2008 to June 2010, BAC . . . began patterns of preparing and uttering false documents (over 30 billing statements) through the United States Mail Service . . . . Plaintiffs rely on the false documents to the detriment of losing money and property. This predicate act accomplished through Towne [sic] MERS and BAC, damaged the property interests of Plaintiffs.
>
> 58. On July 28, 2010, agents of Trott, from a location originating in Michigan, began patterns of preparing and uttering false documents through the United States Mail Service with the intention that Plaintiffs rely on the false documents to the detriment of losing money and property. This predicate act accomplished through unknown actors, damages the property interests of the

> Plaintiffs.
>
> 59. On August 23, 2010, Trott (agents of MERS and BAC), from a location in Michigan, prepared and filed false documents (assignment) in Macomb County Register of Deed with the intention that Plaintiffs rely on the false documents to the detriment of losing money and property. This predicate act accomplished through unknown actors, were in violation of FDCPA and damaged the property interests of the Plaintiffs.
>
> 60. On September 2, 2010, agents of Trott, from a location originating in Michigan, began patterns of preparing and uttering documents (false response to Plaintiffs' Notice of Dispute) through the United States Mail Service with the intention that Plaintiffs rely on the false documents to the detriment of losing money and property. This predicate act accomplished through unknown actors, damaged the property interests of Plaintiffs not less than $231,000.00.

Defendants argue that because fraud is the predicate act upon which Plaintiffs base their RICO claim, and they failed to plead fraud with particularity, the RICO claim against them should be dismissed. The Court agrees with Defendants. Plaintiffs must plead the specific statements that were fraudulent and why those statements were fraudulent. Plaintiffs have only made allegations that false representations were made in documents prepared by Trott, MERS, Towne, and BAC. Plaintiffs have failed to plead the specific fraudulent statements in those documents. Accordingly, the Court finds that Plaintiffs' Count IV fails to state a claim upon which relief may be granted, and as such, Defendants' request to dismiss Count IV is granted.

*(c). Count V: FDCPA*

Under Count V, Plaintiffs allege that Trott violated the FDCPA. Specifically, Plaintiffs allege the following:

> 61. In the Trott letter dated July 28, 2010, Trott failed to inform Plaintiffs of their due process rights expressly reserved at 15 USC 1692(g) [sic].

9

> 62. Plaintiffs sent a notice of dispute on August 6, 2010, to Trott. But, Plaintiffs did not receive a valid response from [Trott]. Trott lied and used false and misleading information in their response dated September 2, 2010.
>
> 63. [Trott] failed to say anything with regard to Plaintiffs' Notice of Dispute . . . .
>
> 67. After receiving notice of Plaintiffs' "Notice of dispute and request for Validation," on August 23, 2010, Trott violated 15 USC 1601§ 809 [sic]. Plaintiffs disputed the validity of the debt alleged in Trott's collection firm's dunning letter dated July 28, 2010. Trott violated 15 USC 1601 809 [sic] by continuing collection activity by creating, preparing, and submitting an assignment into Wayne County Register of Deeds, without providing validation of the alleged debt after Plaintiffs disputed and demanded validation of the alleged debt.
>
> 68. Trott is a third party debt collector . . . .
>
> 69. Trott violated 15 U.S.C. § 1692(f) by threatening to interfere with the business interests of the Plaintiffs, where no present right to possession existed . . . through an enforceable security interest for reason of Trott's failure to show either by a signed judgment order or an accounting, which is signed and dated by the person responsible for maintaining the account general ledger.
>
> 70. Plaintiffs are lawfully entitled to statutory damages against Trott & Trott up to a maximum of one thousand dollars ($1,000) . . . .

Trott contends that this Count fails to state a claim upon which the Court can grant relief because: (1) Trott does not satisfy the statutory definition of debt collector in the FDCPA; (2) Trott responded to Plaintiffs' request to validate debt; and (3) Trott's preparation and filing of an assignment of mortgage for BAC was not in violation of the FDCPA.[3] The Court finds that Trott

---

[3]The Court agrees with Trott because preparation and filing of an assignment of mortgage does not constitute false, deceptive, or misleading representation or means in connection with the collection of any debt. *See* 15 U.S.C. § 1692e (enumerating sixteen actions that are considered false, deceptive, or misleading representations, which does not include filing an assignment of

is not a debt collector as that term is defined in the FDCPA.

According to the FDCPA, a "debt collector" is defined to include any person who "regularly collects . . . debts owed or due or asserted to be owed or due another." §§ 1692a(5), (6); *see Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA,* 130 S. Ct. 1605, 1606–07 (2010) (stating that a law firm and one of its attorneys satisfied the definition of "debt collector" where they filed a lawsuit in the state court on behalf of a mortgage company to foreclose a mortgage on real property owned by a borrower). The term "debt collector" includes "a lawyer who 'regularly,' through litigation, tries to collect consumer debts." *Heintz v. Jenkins*, 514 U.S. 291, 292, 299 (1995) (internal citation omitted) (holding that "the Act applies to attorneys who 'regularly' engage in consumer-debt-collection activity, even when that activity consists of litigation"). Contrary to the Act's language and the Supreme Court, the cases in this Circuit have held that a lawyer that pursues a non-judicial foreclosure for a lender is not a "debt collector" as the term is defined in §§ 1692a(5), (6). *McCall v. GMAC Mortg. Corp.*, No. 07-10198, 2007 U.S. Dist. LEXIS 30614, at *3–4 (E.D. Mich. April 6, 2007) (holding that a defendant law firm was not a debt collector within the meaning of the FDCPA because the law firm was retained to represent a debt collector's legal right of foreclosure); *TerMarsch v. Fabrizio & Brook, P.C.*, No. 06-12514, 2006 U.S. Dist. LEXIS 78883, at *3 (E.D. Mich. Oct. 30, 2006) (finding that a defendant law firm was not a debt collector within the meaning of the FDCPA when the law firm pursued a non-judicial foreclosure proceeding for a lender); *Montgomery v. Huntington Bank*, 346 F.3d 693, 698–700 (6th Cir. 2006) (collecting cases and holding that a bank attempting to collect on a debt that was its own and the repossession

---

mortgage); 15 U.S.C. § 1692f (enumerating eight actions that are considered unfair or unconscionable means to collect or attempt to collect any debt, which does not include filing an assignment of mortgage).

company hired by the bank to repossess the collateral were not "debt collectors" according to the FDCPA).

Here, Plaintiffs allege that Trott is a "debt collector" according to the FDCPA. Without deciding whether the Supreme Court's holdings interpreting "debt collector" differ from this Circuit's holdings, the Court finds that Trott properly responded to Plaintiffs' request to validate their debt.

According to 15 U.S.C. § 1692g(b):

> If the [borrower] notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the [debtor] requests the name and address of the original creditor, the debt collector shall cease collection of the debt . . . until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the [mortgagee], *and* a copy of such verification or judgment, or name and address of the [mortgagee], is mailed to the [borrower] by the debt collector.

(emphasis added). Therefore, a person that satisfies the definition of "debt collector" must confirm "in writing that the amount being demanded is what the [mortgagee] is claiming is owed." *Mabry v. Ameriquest Mortg. Co.*, No. 09-12154, 2010 U.S. Dist. LEXIS 26009, at *10–11 (E.D. Mich. Feb. 24, 2010) (citations omitted). But, there is no duty to forward "'copies of bills or other detailed evidence of the debt.'" *Rudek v. Frederick J. Hanna & Assocs., P.C.*, No. 08-CV-288, 2009 U.S. Dist. LEXIS 11573, at *2 (E.D. Tenn. Feb. 17, 2009) (citing *Chaudhry v. Gallerizzo*, 174 F.3d 394, 406 (4th Cir. 1999). For example, a debtor collector's response to a request to validate a borrower's debt complied with § 1692g(b) when it consisted of the borrower's name, the property address, origination date, loan amount, the current mortgagee and its address, and the original mortgagee and its address. *Mabry*, 2010 U.S. Dist. LEXIS 26009, at 10–11 n.1.

In this case, Trott's response contained: (1) one of Plaintiffs' names; (2) the property's address; (3) its client's name and the mortgagee—"BAC Home Loans Servicing, L.P."; (4) the loan number; (5) the Housing and Urban Development statement number; (6) a total estimated reinstatement amount of $22,427.13; and (7) a total estimated pay-off amount of $239, 496.72. Therefore, the Court finds that Trott's response to Plaintiffs' request to validate debt was sufficient to verify that Plaintiffs owed the debt to BAC and that the debt was still owing. *Rudek*, 2009 U.S. Dist. LEXIS 11573, at *3 ("[V]erification is only intended to 'eliminate the problem of debt collectors . . . attempting to collect debts which the consumer has already paid.'") (internal citation omitted).

As such, Plaintiffs may not maintain this FDCPA claim against Trott. Plaintiffs have not asserted this claim against any other Defendants. For these reasons, Plaintiffs' Count V is dismissed for failure to state a claim upon which this Court may grant relief.

*(d). Count VI: RESPA*

Plaintiffs allege that Defendants violated RESPA, 12 U.S.C. § 2601 et seq.[4] The section of RESPA that Plaintiffs claim BAC has violated provides that, not later than sixty days after receipt of a QWR, the servicer shall conduct an investigation and then, if applicable: (1) make corrections to the borrower's account; (2) provide a statement of the reasons for why the servicer believes the borrower's account is correct; (3) provide contact information that the borrower may call for assistance; (4) provide the borrower with the information requested; or (5) provide an explanation of why the requested information is unavailable or cannot be provided by the servicer. 12 U.S.C. §

---

[4]Plaintiffs' first-amended complaint that was filed with the Court alleges this Count on page 35. Page 36 is absent, and page 37 begins with Plaintiffs' Count VII. The Court will reference Plaintiffs' original complaint for addressing Plaintiffs' RESPA claim.

2605(e)(2)(A)–(C). If a loan servicer violates § 2605(e), pursuant to § 2605(f), the borrower is entitled to actual damages for the violation. Section 2605(f) provides that the borrower is entitled to "any actual damages . . . as a result of the failure" by the servicer to respond to the borrower's QWR. *Id.* § 2605(f)(1)(A).

Plaintiffs allege in paragraphs 62–66,[5] the following:

> 62. On June 15, 2010, Plaintiffs sent to [BAC], a [QWR] in accordance with RESPA (Certified mail number: 70091410000007543326). Said letter was allegedly received by BAC on June 21, 2010.
>
> 63. On July 9, 2010, BAC responded to Plaintiffs' June 15, 2010, QWR.
>
> 64. BAC specifically violated RESPA, as it has not forwarded the requested information in Plaintiffs' QWR letter as mandated by the Act, and has failed to answer Plaintiffs' questions and concerns.
>
> 65. As a result . . . Plaintiffs have valid reason to believe BAC did not have a valid security interest in Plaintiffs' property.
>
> 66. Plaintiff is at a loss of interest in the property . . . not less than $231,000.00.

The Court finds that Plaintiffs have failed to plead a plausible claim for relief. Plaintiffs have completely failed to allege how BAC's response was an inadequate response to Plaintiffs' QWR. In paragraph 64, Plaintiffs merely state that BAC failed to "forward the requested information in Plaintiffs' QWR letter as mandated by the Act, and has failed to answer Plaintiffs' questions and concerns." In sum, BAC's response provided: (1) a summary of Plaintiffs' loan; (2) a statement that some of Plaintiffs' requested information went beyond the information available through a QWR,

---

[5]These paragraph numbers reference Plaintiffs' original complaint.

and that such information was not included; (3) a statement indicating signed copies of the documents that originated the loan were mailed to Plaintiffs on July 8, 2010; (4) statements that Plaintiffs were in default for periodic payments due from January 2010 to July 2010; (5) the address of BAC; (6) information regarding the procedures for BAC to review the loan for payment assistance; and (7) numerous contact numbers for further assistance. According to § 2605(2), BAC supplied Plaintiffs with a written explanation for the reasons that BAC believed Plaintiffs' loan was correct, names and telephone numbers of individuals employed by BAC who would assist Plaintiffs, and an explanation why some of the information Plaintiffs requested was unavailable. Therefore, viewing the allegations in the light most favorable to Plaintiffs, the Court finds that BAC's response satisfied § 2605(2) of RESPA. Accordingly, the Court finds that Plaintiffs' first-amended complaint fails to state a plausible claim of relief under RESPA and grants Defendants' motions to dismiss Count VI of Plaintiffs' first-amended complaint.

*(e). Count VII: TILA*

Comparing Plaintiffs' original complaint and their first-amended complaint, Plaintiffs appear to have combined their claims for detrimental reliance and violation of the Truth and Lending Act, 15 U.S.C. § 1601, *et seq.* ("TILA"), into Count VII. Since the Court dismissed Plaintiffs' state-law claims, the Court will construe Plaintiffs' Count VII as asserting claims under TILA.

Generally, a violation of TILA must be brought "within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). The right of rescission pursuant to TILA "shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first . . . ." *Id.* § 1635(f). *See also Strickfaden v. Place Park Mortg. Corp.*, No 07-15347, 2008 WL 3540079, at *2 (E.D. Mich. Aug. 12, 2008) ("The time period in § 1635,

however, applies only to an individual's exercise of her right to rescission.").

In paragraph 77, Plaintiffs aver that Towne failed to provide the disclosures required by TILA. In paragraph 79, Plaintiffs also aver that the information provided in the disclosures was inaccurate. Plaintiffs attached a copy of the provided disclosures to their complaint. Because of the allegedly inaccurate and absent information in the disclosures, Plaintiffs seek damages for reliance on such information as a result of MERS's and Towne's alleged violations. Defendants contend that the statute of limitations has elapsed on the potential TILA violations.

According to Plaintiffs' mortgage agreement, it was entered into on November 17, 2008. Plaintiffs filed this case on September 9, 2010. Thus, Plaintiffs' claims under TILA for damages—not recession—are subject to the 1-year statute of limitations. As such, Plaintiffs' claims are time-barred, and Defendants are entitled to dismissal of Count VII of Plaintiffs' first-amended complaint.

## V. CONCLUSION

Accordingly, for the above reasons, IT IS ORDERED that Plaintiffs' state-law claims (Counts I, III, and VIII) are hereby DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that Defendants BAC Home Loan Servicing, L.P.'s ("BAC") and Mortgage Electronic Registration Systems's ("MERS") Motion to Dismiss [dkt 7] is GRANTED.

IT IS FURTHER ORDERED that Defendant Trott & Trott, PC's ("Trott") Motion for Summary Judgment or Dismissal [dkt 10] is GRANTED.

IT IS FURTHER ORDERED that Plaintiffs' Motion to Leave to File-First Amended

Complaint [dkt 11] is GRANTED IN PART and DENIED IN PART.

    IT IS FURTHER ORDERED that this action is now closed.

    IT IS SO ORDERED.

                                          s/Lawrence P. Zatkoff
                                          LAWRENCE P. ZATKOFF
                                          UNITED STATES DISTRICT JUDGE

Dated:  February 9, 2011

CERTIFICATE OF SERVICE

    The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on February 9, 2011.

                                          s/Marie E. Verlinde
                                          Case Manager
                                          (810) 984-3290